1  STROOCK & STROOCK & LAVAN LLP
   ARJUN P. RAO (State Bar No. 265347)
2  ALI FESHARAKI (State Bar No. 316559)
   2029 Century Park East, 18th Floor
3  Los Angeles, CA 90067-3086
   Telephone:  310.556.5800
4  Facsimile:  310.556.5959
   Email:      *lacalendar@stroock.com*
5
   Attorneys for Defendant
6    JPMORGAN CHASE BANK, N.A.

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 MOHAMED ELHENDI,                    ) Case No. 2:20-cv-01552
                                       )
12            Plaintiff,               ) **NOTICE OF REMOVAL OF**
                                       ) **DEFENDANT JPMORGAN CHASE**
13      vs.                            ) **BANK, N.A.**
                                       )
14 JPMORGAN CHASE BANK, N.A.,          )
   DOES 1-10 inclusive,                )
15                                     )
             Defendants.              )
16                                     )
                                       )
17                                     )
                                       )
18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby removes the action entitled <u>Mohamed Elhendi v. JPMorgan Chase Bank, N.A. et al.</u>, Case No. 30-2020-01149695-CL-NP-CJC, pending in the Superior Court of the State of California, County of Orange (the "Action"), to the United States District Court for the Central District of California on the following grounds:

1.   <u>Removal Is Timely</u>.  The Complaint was served upon JPMC on July 22, 2020.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within 30 days of receipt by, and service on, JPMC of the Complaint, and within one year after "commencement of the action" in state court.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings filed in the Action are attached hereto as **Exhibit A**.

2.   <u>This Court Has Removal Jurisdiction Over The Action</u>.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by JPMC pursuant to the provisions of 28 U.S.C. § 1441.

3.   Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law."  <u>Bright v. Bechtel Petroleum, Inc.</u>, 780 F.2d 766, 769 (1986) (citing <u>Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust</u>, 463 U.S. 1, 9 (1983)).  Stated differently, claims "arise under" federal law when a "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims."  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

U.S. 800, 808 (1988) (quoting <u>Franchise Tax Bd.</u>, 463 U.S. at 13, 27-28) (internal quotation marks and citations omitted).

4.      Here, the Complaint filed by Plaintiff asserts two causes of action: (i) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 <u>et seq.</u> ("TCPA"); and (ii) violation of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 <u>et seq.</u> ("RFDCPA").  (<u>See</u> Compl. ¶¶ 13-20.) Plaintiff's claims are predicated upon a direct violation of this specific federal law: 47 U.S.C. § 227.  (<u>See</u> Compl. ¶¶ 4-8.)  Therefore, this Court has removal jurisdiction over this Action under 28 U.S.C. § 1331 because Plaintiff's TCPA claim arises under the laws of the United States.

5.      As to Plaintiff's RFDCPA claim, which arises under state law, supplemental jurisdiction over this claim would exist pursuant to 28 U.S.C. §§ 1367 and 1441(c).

6.      <u>Consent Is Not Necessary Because There Are No Other Defendants</u>. JPMC is the only named defendant in this case.  Accordingly, consent for removal is not necessary, and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).  <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (The general rule that "all defendants in a state action must join in the petition for removal . . . [applies] only to defendants properly joined and served in the action.").

7.      <u>Venue Is Proper In This Court</u>.  This Court is the proper district court for removal because the Superior Court of the State of California for the County of San Diego is located within the United States District Court for the Southern District of California.  <u>See</u> 28 U.S.C. § 1441(a).

8.      <u>Notice Will Be Effected</u>.  JPMC concurrently is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Orange, without exhibits.  JPMC will concurrently serve Plaintiff with copies of this Notice of Removal and the Notice filed in the Action.

1    Dated:  August 20, 2020

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
ALI FESHARAKI

By: _____
            */s/ Arjun P. Rao*
            Arjun P. Rao

Attorneys for Defendant
     JPMORGAN CHASE BANK, N.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LA 52330867

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2020 a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.


*/s/ Arjun P. Rao*
Arjun P. Rao

*Via U.S. Mail*

Todd M. Friedman
Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St, Suite 780
Woodland Hills, CA 91367

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 52330867

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 07/02/2020 04:59:14 PM.

**CM-010**

30-2020-01149695-CL-NP-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 323-306-4234    FAX NO.: 866-633-0228
ATTORNEY FOR (Name): MOHAMED ELHENDI,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Mohamed Elhendi v. JPMorgan Chase Bank, N.A., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited  ☑ Limited | ☐ Counter  ☐ Joinder | 30-2020-01149695-CL-NP-CJC |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 2, 2020

Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)--Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

ヲ-ユユ-ユ♂ @ |0⁵°

Electronically Filed by Superior Court of California, County of Orange, 07/02/2020 04:59:14 PM.
30-2020-01149695-CL-NP-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

| | **SUM-100** |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JPMORGAN CHASE BANK, N.A., Does 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MOHAMED ELHENDI,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: ORANGE<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2020-01149695-CL-NP-CJC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 323-306-4234

| | | DAVID H. YAMASAKI, Clerk of the Court | | |
|---|---|---|---|---|
| **DATE:** 07/02/2020<br>*(Fecha)* | | Clerk, by *Alona*<br>*(Secretario)* | , **Deputy**<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).* Sarah Loose

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  **JPMorgan Chase Bank, N.A.**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):*  7-22-20

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 485<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

Exhibit A - Page 7

Electronically Filed by Superior Court of California, County of Orange, 07/02/2020 04:59:14 PM.
30-2020-01149695-CL-NP-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

MOHAMED ELHENDI,

Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A., Does 1-
10 inclusive,

Defendant.

Case No.   30-2020-01149695-CL-NP-CJC

**COMPLAINT**
**(Amount to exceed $10,000 but not $25,000)**

1. Violation of Rosenthal Fair Debt
   Collection Practices Act
2. Violation of Telephone Consumer
   Protection Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, MOHAMED ELHENDI ("Plaintiff"), is a natural person residing in ORANGE County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

Complaint - 1

3.      At all relevant times herein, Defendant JPMORGAN CHASE BANK, N.A., ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

### III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      Defendant made numerous calls to Plaintiff's phone number ending in -0445. Defendant repeatedly called Plaintiff, with calls averaging several times per day, and from numbers verified to be owned by Defendant. On at least one occasion, Plaintiff answered these calls and informed Defendant to stop calling her. Despite this, Defendant continued to call Plaintiff without her consent.

6.      Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

7.      Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

8.      Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

9.      §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

Complaint - 2

10. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

    b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

    c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

    d) Communicating with Plaintiff at times or places which were known or should have been known to he inconvenient for Plaintiff (§1692c(a)(1)) ;and

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d)).

11. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

12. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Actual damages;
B.   Statutory damages for willful and negligent violations;
C.   Costs and reasonable attorney's fees;
D.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15.   Plaintiff incorporates by reference all of the preceding paragraphs.

16.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

17.   As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

18.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

19.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

20.   Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C. Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 29th day of June, 2020.

By:
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 5

Electronically Filed by Superior Court of California, County of Orange, 08/19/2020 11:17:00 AM.
30-2020-01149695-CL-NP-CJC - ROA # 7 - DAVID H. YAMASAKI, Clerk of the Court By Susan Herrera, Deputy Clerk.

1   STROOCK & STROOCK & LAVAN LLP
    ARJUN P. RAO (State Bar No. 265347)
2   ALI FESHARAKI (State Bar No. 316559)
    2029 Century Park East, 18th Floor
3   Los Angeles, CA 90067-3086
    Telephone:  310.556.5800
4   Facsimile:   310.556.5959
    Email:       *lacalendar@stroock.com*
5
    Attorneys for Defendant
6    JPMORGAN CHASE BANK, N.A.

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF ORANGE**

10  MOHAMED ELHENDI,                    )  Case No. 30-2020-01149695-CL-NP-CJC
                                        )
11              Plaintiff,              )  **ANSWER OF DEFENDANT JPMORGAN**
                                        )  **CHASE BANK, N.A. TO COMPLAINT**
12        vs.                           )  **(RELATED TO ROA #2)**
                                        )
13  JPMORGAN CHASE BANK, N.A., DOES 1-  )  Action Filed:  July 2, 2020
    10 inclusive,                       )
14                                      )
                                        )
15              Defendants.             )
                                        )
16                                      )
                                        )
17                                      )
                                        )
18  _____   )

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO COMPLAINT (RELATED TO ROA #2)
LA 52331267

Defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby answers the Complaint filed by plaintiff Mohamed Elhendi ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), JPMC denies, generally and specifically, in the conjunctive and disjunctive, each and every cause of action and allegation contained within the Complaint, and the Complaint as a whole, and further denies that the relief requested by Plaintiff is appropriate and/or that damages were sustained, or that JPMC's conduct was objectionable or unreasonable, or that JPMC acted improperly in any way.  JPMC further denies that by reason of any act, fault, carelessness or omission on its part, Plaintiff has been injured, damaged or harmed in any way or in any amount whatsoever.

## PRAYER

Answering Plaintiff's Prayer, JPMC denies that it engaged in any of the allegedly improper conduct, denies any liability to Plaintiff and denies that Plaintiff is entitled to any statutory damages, actual damages, punitive damages, attorneys' fees or costs or any relief whatsoever from JPMC.

## DEMAND FOR JURY TRIAL

JPMC acknowledges that Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, JPMC alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint fails to set forth facts sufficient to state a claim against JPMC.

## SECOND AFFIRMATIVE DEFENSE

### (Prior Express Consent)

2.      The Complaint fails as Plaintiff provided "prior express consent" within the meaning of the TCPA for all calls allegedly placed to Plaintiff's alleged cellular telephone number by any alleged automatic telephone dialing system.  To the extent Plaintiff provided his "prior

express consent" as part of his agreement with JPMC, Plaintiff's alleged unilateral revocation of consent was ineffective.

### THIRD AFFIRMATIVE DEFENSE

### (Preexisting Commercial Relationship)

3. The Complaint, and each cause of action alleged therein, is barred by the parties' preexisting commercial relationship.

### FOURTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

4. The Complaint, and each cause of action alleged therein, is barred because any alleged wrongful conduct on the part of JPMC, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error.

### FIFTH AFFIRMATIVE DEFENSE

### (No Injury)

5. Subject to further factual development, including discovery, JPMC is informed and believes and thereon alleges that each cause of action alleged in the Complaint is barred because Plaintiff suffered no injury as a result of any act or practice of JPMC.

### SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

6. JPMC has complied with all statutes pleaded and is entitled to each and every defense stated therein and any and all limitations of liability.

### SEVENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

7. Plaintiff's claims for relief are barred because the alleged conduct, in which JPMC did not participate, complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

### EIGHTH AFFIRMATIVE DEFENSE

#### (Preemption)

8.      Plaintiff's claim under the Rosenthal Fair Debt Collection Practices Act is barred by the doctrine of federal preemption.

### NINTH AFFIRMATIVE DEFENSE

#### (Choice of Law)

9.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the applicable agreement between Plaintiff and JPMC.

### TENTH AFFIRMATIVE DEFENSE

#### (Commercially Reasonable and Lawful Conduct)

10.     At all relevant times, JPMC acted in a commercially reasonable and lawful manner.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

11.     To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which JPMC denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

12.     The Complaint is barred, in whole or in part, by Plaintiff's conduct, actions and inactions which amount to and constitute an estoppel of the claims and any relief sought thereby.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

13.     The Complaint, and each purported cause of action alleged therein, is barred by Plaintiff's conduct, actions, and inactions which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

14.     Plaintiff has ratified the conduct alleged in the Complaint and therefore is barred from recovery against JPMC.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

15.     The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff under the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Independent/Intervening Conduct)

16.     To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which JPMC denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties and/or their agents, and not any act or omission on the part of JPMC.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

17.     The Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

18.     The Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

19.     JPMC is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if JPMC is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and

- 5 -

ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO COMPLAINT (RELATED TO ROA #2)

LA 52331267

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-JPMC parties, persons and entities, or the agents, servants and employees of such non-JPMC parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

20.     Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff were proximately caused and contributed to by Plaintiff's own negligence.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Standing)

21.     The Complaint is barred, in whole or in part, on the grounds that Plaintiff lacks statutory standing to assert any claims against JPMC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not Knowing or Willful)

22.     Plaintiff is precluded from any recovery from JPMC for a knowing or willful violation of the Telephone Consumer Protection Act because any such violation, which JPMC denies occurred, would not have been knowing or willful.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Authority)

23.     JPMC did not authorize, ratify, encourage, participate in, aid or abet any of the alleged actions of its agents or third-party agents.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

24.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, on the grounds that Plaintiff seeks damages that are too speculative to permit recovery.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

**(Reservation of Rights)**

3
4

25.    JPMC expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

5

WHEREFORE, JPMC requests the following relief:

6

(1)    That the Complaint be dismissed with prejudice;

7

(2)    That Plaintiff take nothing from JPMC by virtue of the Complaint;

8
9

(3)    That the Court award JPMC its attorneys' fees, expenses and costs to the full extent permitted by law; and

10

(4)    For such other and further relief as the Court deems just and proper.

11

12    Dated:  August 19, 2020        STROOCK & STROOCK &
                                      LAVAN LLP
13                                    ARJUN P. RAO
                                      ALI FESHARAKI
14

15                                    By:      */s/ Arjun P. Rao*
                                               Arjun P. Rao
16

17                                    Attorneys for Defendant
                                         JPMORGAN CHASE BANK, N.A.
18

19

20

21

22

23

24

25

26

27

28

- 7 -
ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO COMPLAINT (RELATED TO ROA #2)

LA 52331267

Exhibit A - Page 19

1                               **PROOF OF SERVICE**

2   STATE OF CALIFORNIA      )
                                       )      ss

3   COUNTY OF LOS ANGELES   )

4        I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, 18th

5   Floor, Los Angeles, CA 90067-3086.

6        On August 19, 2020, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO COMPLAINT (RELATED TO**

7   **ROA #2)** on the interested parties in this action as follows:

8                     Todd M. Friedman
                     Adrian R. Bacon

9                     Law Offices of Todd M. Friedman, P.C.
                     21550 Oxnard St, Suite 780

10                    Woodland Hills, CA 91367

11  ☐   **(VIA PERSONAL SERVICE**  By causing the document(s), in a sealed envelope, to

12       be delivered to the person(s) at the address(es) set forth above.

13  ☑   **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is

14       deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage

15       thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

16  ☐   **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail

17       addresses listed in the attached Service List.

18  ☐   **(VIA OVERNIGHT DELIVERY)**  By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth

19       above by overnight delivery via Federal Express, or by a similar overnight delivery service.

20        I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

21

22        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23        Executed on August 19, 2020, at Los Angeles, California.

24      Jeffrey Mays
     [Type or Print Name]                         [Signature]

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA 90067-3086

PROOF OF SERVICE

LA 52331267